LOVENBERG v. MELLEN.†

(Court of Civil Appeals of Texas. Galveston. Jan. 27, 1912. Rehearing Denied Feb. 22, 1912.)

1. PARTITION (§ 36*)—DECREE—EFFECT.

Where the county court decreed that property belonging to the separate estate of a deceased husband should be partitioned, the widow receiving a one-third life interest, and partition was made by commissioners who reported that they had allotted a one-third interest in the real estate to the widow, the order confirming this report did not give the widow a fee, though it contained no recital showing that her estate was only a life interest.

[Ed. Note.—For other cases, see Partition, Dec. Dig. § 36.*]

2. ESTOPPEL (§ 3*)—PLEADINGS—ADMISSIONS BY COUNSEL.

Plaintiff's petition, alleging that property was part of her mother's separate estate and that she was entitled to it under the terms of her mother's will, does not estop her from later contending that her mother had only a life estate in the property in question and that she had the remainder, where the allegations were made by plaintiff's attorney without her knowledge and she had only instructed him to sue for the property.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 2–5, 7; Dec. Dig. § 3.*]

3. LIFE ESTATES (§ 8*)—ADVERSE POSSESSION —LIFE TENANT.

The possession of a life tenant is not adverse to the remainderman and cannot ripen into a prescriptive title.

[Ed. Note.—For other cases, see Life Estates, Cent. Dig. §§ 24–28; Dec. Dig. § 8.*]

Error from District Court, Galveston County; Clay S. Briggs, Judge.

Action by Frances R. Mellen against B. P. Cooper, as executor of Eliza Cooper, which was abated by the death of defendant and revived against I. Lovenberg, Jr., administrator of the estate of defendant executor. Plaintiff dismissed, and there was a judgment for plaintiff on defendant's plea in reconvention, and defendant brings error. Affirmed.

James B. & Charles J. Stubbs, for plaintiff in error. Clough & Fuller and John T. Wheeler, for defendant in error.

PLEASANTS, C. J. On November 28, 1906, the defendant in error, Frances R. Mellen, filed suit in the court below against B. P. Cooper, her stepfather and the independent executor of the will of her deceased mother, Eliza Cooper. In the petition filed by the attorneys for said defendant in error it is alleged, in substance, that the property in controversy, which was all of the property then remaining of the estate of said Eliza Cooper, was her separate property, and that by the terms of said will of Eliza Cooper, a copy of which was attached to the petition, the said B. P. Cooper was directed under certain contingencies, which the petition alleged had arisen, to set apart one-half the income of said estate to plaintiff. The defendant Cooper is charged with having failed to comply with the terms of the will, and the prayer of the petition is that a receiver be appointed to take possession of the property; that said Cooper be enjoined from incumbering or disposing of said property; that the will be construed and the trust claimed by plaintiff be established and the said Cooper be required to account to plaintiff; and that she have judgment against him for one-half of the income of said estate. On February 5, 1907, Ellen Henry intervened in the suit and claimed title to the property. B. P. Cooper died on October 13, 1907. No citation appears to have been issued to him, and no answer was filed by him in this suit.

On December 12, 1908, plaintiff in error, who is administrator de bonis non of the estate of said B. P. Cooper, filed a motion to dismiss the suit on the ground that its prosecution had been abandoned by the plaintiff. An answer to this motion was filed by plaintiff and on the hearing of the motion on February 26, 1909, the motion to dismiss was overruled. On April 28, 1909, plaintiff in error filed his original answer containing general and special exceptions, general denial, and pleas of limitation. He further pleaded in reconvention and asserted title to the property generally and by limitation in the estate of B. P. Cooper, and prayed that the cloud cast upon the title by plaintiff's claim be removed and that title and possession be decreed to be in said estate.

On November 25, 1910, plaintiff, Frances Mellen, filed the following motion: "Now comes the plaintiff in the above numbered and entitled cause and shows to the court that her action to construe the alleged will of Eliza Cooper, deceased, and for an accounting, etc., was filed under a misapprehension of her rights and of her title to the properties, and because her rights in the premises are unaffected and not controlled by the said will in her petition mentioned and unaffected and not controlled by the estate of her deceased mother, Eliza Cooper, she elects to dismiss her suit herein, and to take a nonsuit, without prejudice to her rights in the premises."

This motion was granted and thereafter, after numerous amended and supplemental pleadings, the nature of which it is unnecessary to here state, had been filed by both parties, and the intervention of Ellen Henry

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

† Writ of error denied by Supreme Court.

had been dismissed, the cause proceeded to trial on the plea in reconvention of plaintiff in error. The trial was by the court without a jury, and resulted in a judgment in favor of defendant in error.

The record discloses the following facts: The property in controversy is lot 7, and 22 feet off the east side of lot 6, in block 497, in the city of Galveston. This property was conveyed to Thomas Westrope, the father of defendant in error, on November 27, 1851. Thomas Westrope married Eliza Keough the mother of defendant in error, June 4, 1857, and died intestate in the year 1860, leaving surviving his widow, Eliza, and defendant in error, his only child.

The estate of said Thomas E. Westrope was administered in the county court of Galveston county by Edward Keough, who was appointed administrator of the estate by said court on November 30, 1860. Upon the inventory of the estate filed by the administrator, the property in controversy was returned as belonging to the separate estate of Thomas E. Westrope.

In partition proceedings in said court, instituted for the purpose of partitioning the estate among those entitled to receive it, the following decree was entered on March 31, 1864: "In the Matter of the Estate of Thos. E. Westrope, deceased. Petition of Mrs. E. Westrope for Partition and Distribution. And now at this term of the court it appearing that notice of the filing of this petition has been duly acknowledged by Edward Keough, administrator of said estate, and Oscar Farish having been appointed guardian ad litem of Frances Westrope, minor heir of said Thomas E. Westrope, to represent the interests of said minor. And it further appearing to the court that the said intestate died seised and possessed of certain real and personal estate in his own right, and also of certain real and personal estate being of the community of marriage of the said Thomas and the said Eliza Westrope, which are fully set forth in the inventories filed by the said administrator. That said petitioner, Eliza Westrope, and said Frances Westrope, minor, are the only persons entitled to distribution of the said estate; that, of the clear residue of the property belonging to the community of marriage of the said Thomas and Eliza, the said Eliza is entitled to one moiety thereof, and the said Frances to the other moiety thereof; and that of the separate estate of the said Thomas E. Westrope, he having departed this life intestate, leaving one child, the said Frances, the said Eliza is entitled to have and receive one-third part of the said personal estate, not to include slaves, in full title, and to one-third part of the lands and slaves, to hold for the term of her natural life, with remainder over to said Frances, and the said Frances to the other two-thirds. It is therefore considered and ordered that the following named persons, to wit, James P. Nash, Dennis Neil, Wright S. Andrews, George W. Grove, and John L. Darragh, be and they are hereby appointed commissioners to make partition and distribution of the estate of said Thomas E. Westrope between the said Eliza Westrope and the said Frances Westrope in accordance with this decree. And that said writ of partition do issue accompanied with a copy of this decree."

The commissioners appointed by this decree partitioned the estate as directed in the decree and their report of said partition was approved by the court by an order or decree made on April 2, 1864. This order of confirmation and the report of the commissioners are as follows:

"April 2, 1864.

"In the Matter of the Estate of Thos. E. Westrope, Deceased. Report of the Commissioners of Partition and Distribution. Upon examining the report of the commissioners of partition and distribution duly verified and this day filed, the court being fully satisfied that the partition and distribution made by the commissioners is a just, fair, equitable and impartial one, and the widow being in court, the administrator and the guardian ad litem of the minor Frances, and all assenting to and expressed themselves as satisfied with the same: It is therefore ordered, adjudged and decreed that the said partition and distribution be and the same is in all things fully approved and confirmed by the court. And it is ordered that the report, together with commission of partition, be recorded in the minutes hereof following this decree and made a part thereof.

"Report of Commissioners. In the Matter of the Estate of Thomas E. Westrope, Deceased. Ex parte Eliza Westrope upon Her Petition for Partition and Distribution of the Estate. The undersigned appointed commissioners by the writ of the county court of the county of Galveston to make partition and distribution of the estate of said Thomas E. Westrope in accordance with the order and decree of said court, a copy whereof accompanied said writ, among and between the parties declared by said decree entitled to said partition and distribution, beg leave to report as follows, to wit: In respect to the property of the community of the marriage of the said Thomas E. Westrope and the said petitioner, Mrs. Eliza Westrope, they make the following division and allotment of the property remaining upon the inventory of said estate. [Here follows a list of community property which is equally divided between the widow and minor child. The report then proceeds:] And these commissioners proceeding to divide the separate property of the said Thomas E. Westrope, deceased, remaining undisposed of upon the inventory thereof have made the following allotment, division and partition thereof in the proportion of one-third to Mrs.

Eliza Westrope and the remaining two-thirds to the minor heir, Frances Westrope, that is to say, to Mrs. Eliza Westrope they allot and assign of the real estate, lots 6 and 7 in block 497, in the city of Galveston, with improvements thereon, the same having been the homestead, valued at $2,000, and of the slaves they allot. * * * [Here follows a list of slaves and other personal property of the estate alloted to Eliza Westrope of the aggregate value of $800, and a list of real estate, slaves, and other personal property allotted to the minor, Frances Westrope, of the aggregate value of $5,600.]"

As stated in said report, lots 6 and 7 in black 497 was the homestead of Thomas E. and Eliza Westrope at the time of his death, and it continued to be Mrs. Westrope's homestead as long as she lived. She married B. P. Cooper on May 28, 1875, and he and she occupied the property as their homestead until her death on November 7, 1897. The defendant in error occupied the property with her mother until she was married in 1893. On April 19, 1897, she and her husband separated, and she returned to the place in controversy and has lived there continuously since that time. She was divorced from her husband, Joseph Mellen, on January 3, 1898. After the death of Mrs. Cooper, B. P. Cooper continued to occupy the place with defendant in error until his death on October 13, 1907. After the death of Mrs. Cooper, the cost of maintenance of the home on the premises so occupied by defendant in error and B. P. Cooper was borne almost entirely by defendant in error.

By her will, which was executed in 1893, Mrs. Cooper devised all of her property to B. P. Cooper and appointed him independent executor. This will contains the following provision: "In as much as Frances Westrope, now Mrs. Frances Mellen, is amply provided for I make no bequest to her now, but in the event that her estate be wasted and she should become without means of support, then it is my desire that one-half of the income of my said estate be held in trust by my said husband, Bayless P. Cooper, and be paid to her from time to time in such sums as to him shall seem best so as to prevent her from at any time being in a state of want or destitution."

The will was duly probated on May 19, 1898, and B. P. Cooper was appointed independent executor as directed by the will. The premises in controversy were returned upon the inventory filed by him as the separate property of Mrs. Cooper.

After the death of B. P. Cooper the property was inventoried by his administrator as the property of his estate. The plaintiff in error is the duly appointed and qualified administrator of the estate of said B. P. Cooper.

Among the findings of fact filed by the trial court are the following: "I further find that there was no adverse, hostile, or exclusive possession of the premises in controversy in this suit by Eliza Cooper, or her husband, or Frances Mellen as against any of them, but that the occupancy of said premises during the periods already stated, during which each of said parties was in possession of said premises, was concurrent. I further find that the said Frances Mellen had no knowledge of the allegations in plaintiff's said original and first-amended original petitions in this suit, and did not know of any allegation or allegations contained therein that lots 6 and 7 in block 497 were the separate property and estate of said Eliza Cooper at the time of her death, or that what little estate she had had been wasted, or that the only property that she, plaintiff, possessed at the time of the filing of said original and amended petitions, or was possessed of at the date of the death of her mother, was a small piece of homestead property on which there was a mortgage for over $1,000, or to seek to have this property in controversy charged with a trust in favor of plaintiff and to sue for or seek to recover with respect thereto one-half of. the income thereof; and did not authorize such allegation or statements to be made by her counsel, Messrs. Wheeler & Clough, or either of them, having stated, however, to her counsel about the time of the filing of such suit in 1906 that she desired the will of her mother construed and the property in controversy in this suit recovered for her." These findings are sustained by the evidence, and are not questioned by any assignment presented by appellant.

Under appropriate assignments of error, the judgment of the trial court is assailed upon three grounds:

[1] First. It is contended that the trial court erred in the conclusion of law that the decree of partition rendered by the county court of Galveston county in the partition of the estate of Thomas E. Westrope did not vest Eliza Westrope with the fee-simple title to the property in controversy, but only gave her a life estate therein.

We do not think the trial judge erred in this conclusion. The undisputed evidence shows that the property in controversy was the separate property of Thomas E. Westrope. The decree of the county court of Galveston county adjudging the interest of the parties in the estate, appointing the commissioners, and ordering the partition, declares that the interest of Eliza Westrope in the real estate belonging to the separate estate of Thomas E. Westrope is a one-third interest for life, with remainder to Frances Westrope, the defendant in error, and the commissioners are directed to make partition and distribution of the estate "in accordance with this decree."

Acting under this decree the commissioners reported that they had allotted to Eliza Westrope, as her one-third interest in the real estate, the property in controversy.

While the report does not recite that the allotment is only made to her for life, we think it necessarily follows from the authority under which the commissioners acted that the interest in the property with which the report dealt and which was set aside to Mrs. Westrope was only a life interest. The decree or order· approving the report does nothing more than to approve and confirm the allotment and distribution made by the commissioners. We think it clear that in making the order of approval the court understood that the report showed that the partition had been made in accordance with the former decree, and that the order of confirmation was only intended to and by its terms did no more than fix a life estate in Mrs. Westrope to this property. If the commissioners or the court had intended to vest a fee-simple estate in this property in Mrs. Westrope in lieu of her life estate in all of the real estate belonging to the separate estate of Thomas E. Westrope, the report or order of confirmation would have contained some recital showing such intention. There is no recital and no fact shown by the report or the decree of confirmation which indicates that the commissioners or the court gave or decreed Eliza Westrope more than the life estate—the property which the original decree adjudged to her.

[2] The assignments of error complaining of the judgment on this ground cannot be sustained.

The second objection to the judgment is that the evidence shows that the defendant in error is estopped from asserting title to the property in controversy by reason of the admissions contained in the original pleadings filed by her in this case, in which it is stated that the property belonged to the separate estate of her deceased mother, Eliza Cooper.

The finding of the trial court, before set out, that these allegations were made by defendant's attorney without her knowledge, and that she claimed the property when this suit was brought and instructed her attorneys to sue for the property, is a sufficient answer to this contention.

[3] The third ground upon which the judgment is assailed is that the evidence shows title by limitation in plaintiff in error, and judgment should have been rendered in his favor on his claim of title by limitation.

We think the finding of the learned trial judge that the evidence fails to show any adverse possession by either party as against the other, and consequently the possession of neither party could ripen into title as against the other, is sustained by the evidence. The possession of Mrs. Cooper during the time that defendant in error was absent from the property could not affect defendant in error's title because Mrs. Cooper, being the life tenant, had the right to possession, and such possession could not ripen into title against the owner of the fee. The finding of the trial court upon this issue is not directly attacked by any assignment presented by appellant.

This disposes of all the material questions presented by appellant's brief. None of the assignments points out any error which would require or authorize a reversal of the judgment.

It follows that the judgment of the court below should be affirmed and it has been so ordered.

Affirmed.